**WEN DAI, Plaintiff–Counter–
Defendant–Appellant,**

v.

**FREEMAN & WILLIAMS LLP, a Nevada limited liability company, Defendant–Counter–Claimant–Appellee.**

No. 07–17361.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed July 2, 2009.

Sandra G. Lawrence, Esq., Dyer, Lawrence, Penrose, Flaherty & Donalson, Carson City, NV, Scott R. Cook, Esq., Gordon & Reees LLP, Las Vegas, NV, for Defendant–Counter–Claimant–Appellee.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS *, District Judge.

MEMORANDUM **

Wen Dai sued her former employer, Freeman and Williams, LLP, for wrongful termination, claiming · she was fired because of her Chinese ancestry. The district court granted summary judgment for Freeman, and we affirm.

Once Freeman proffered neutral, nondiscriminatory reasons for terminating Dai, the burden shifted to Dai to show

* The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

those reasons were a pretext for discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Dai attempted to meet her burden by offering circumstantial evidence that Freeman's reasons were pretextual; however, Dai's evidence was not "specific and substantial." *See Coghlan v. Am. Seafoods Co. LLC,* 413 F.3d 1090, 1095 (9th Cir.2005). Rather, Dai merely registered her subjective disagreement with Freeman's reasons for the termination. That was not enough. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1029 n. 6 (9th Cir.2006) (merely denying the credibility of defendant's proffered reason for adverse employment action is insufficient to defeat summary judgment, as is relying on subjective belief that employment action was unnecessary or unwarranted).

Because Dai did not rebut Freeman's proffered neutral reasons for terminating her, the district court properly granted summary judgment in the firm's favor.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.